**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHRIS HOWE,** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action 4-10CV-753-Y |
| | § | |
| **CITY OF WATAUGA,** | § | **Jury Demanded** |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**ORIGINAL COMPLAINT**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES the City of Watauga, (the City), Defendant in the above styled and numbered cause, and files this its Answer to Plaintiff's Original Complaint and would respectfully show the Court as follows:

**1.**

**ADMISSIONS AND DENIALS**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, the City pleads as follows concerning the averments in Plaintiff's Original Complaint:

**I. PRELIMINARY STATEMENT**

1.    The City admits that Plaintiff was arrested and imprisoned on March 2, 2010, the date of the primary election. The City also admits that, at the time of his arrest, Plaintiff was standing outside a polling location, the Watauga Community Center. At times, Plaintiff was engaged in

political speech and electioneering and was in compliance with the 100-foot requirement of the Texas Election Code. The City denies all other allegations in this paragraph.

2. The City denies the allegations in this paragraph.

## II. JURISDICTION AND VENUE

3. The City admits the allegations in this paragraph, but denies that any of Plaintiff claims have a legitimate legal basis for seeking redress.

4. The City admits the allegations in this paragraph, but denies that any of Plaintiff claims have a legitimate legal basis for seeking redress. The City notes that if the federal claims are disposed of, the Court may decline to exercise supplemental jurisdiction.

5. The City admits the allegations in this paragraph.

## III. PARTIES

**A.    Plaintiff**

6. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

**B.    Defendant**

7. The City admits the allegations in this paragraph.

## IV. STATEMENT OF FACTS

**A.    Defendant's Unlawful Harassment, Arrest, and Incarceration of Plaintiff Chris Howe**

8. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

9. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

10. The City admits the allegation in this paragraph.

11. The City admits the allegation in this paragraph.

12. The City admits that North Richland Hills Baptist Church and Green Valley Elementary School were polling places on March 2, 2010, and that a number of political signs were placed at those locations on that day. The City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.[1]

13. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

14. The City admits that Plaintiff only placed signs over 100 feet from the door of the Watauga Community Center. The City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.[2]

15. The City admits the allegations in this paragraph.

16. The City admits the allegations in this paragraph.

17. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

18. The City admits the allegations in this paragraph.

19. The City admits the allegations in this paragraph.

20. The City admits the allegations in this paragraph.

21. The City admits the allegations in this paragraph.

22. The City is without knowledge sufficient to form a belief as to the exact number of

---

[1] The City admits the allegations made in footnote 1 of the Original Complaint.

[2] The City admits the allegations made in footnote 2 of the Original Complaint.

signs that were at the community center when Mr. Howe arrived. Some estimates far exceed seventy. The City admits the remaining allegations in this paragraph.

23.     The City admits Plaintiff placed Medina signs in front of the Watauga Community Center, and that the center is adjacent to Indian Springs Parks and faces Indian Springs Road. The City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

24.     The City admits the allegations in this paragraph.

25.     The City denies the allegations in the first sentence of this paragraph. The City admits that public parks, streets and sidewalks can be traditional public fora, but that it not always the case. The City denies that the parking lot of a public park is a traditional public forum.

26.     The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

27.     The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

28.     The City denies Billy Williams arrived at approximately 7:45 a.m. The City admits the remaining allegations in this paragraph.

29.     The City denies the last sentence of this paragraph. The City admits the remaining allegations in this paragraph.

30.     The City admits the allegations in this paragraph, but clarifies that the City employees were not community center "groundskeepers," but were employees of the City's Parks and Recreation Department.

31.     The City is without knowledge or information sufficient to form a belief as to the

allegations in this paragraph.

32. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

33. The City admits the allegations in this paragraph.

34. The City admits Plaintiff placed telephone calls, but is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

35. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

36. The City denies the allegations in this paragraph.

37. The City admits the allegations in this paragraph.

38. The City admits Billy Williams had a copy of the ordinance, but denies that he returned to his truck to retrieve it.

39. The City admits the allegation in this paragraph.

40. The City admits the allegations in this paragraph.

41. The City denies the allegations in this paragraph.

42. The City admits the election judge stated to a City employee that they were only in charge of what happened 100 feet from the door of the polling location. The City denies the remaining allegations in this paragraph.

43. The City denies the allegations in this paragraph.

44. The City denies Plaintiff was speaking to Billy Williams when he made this statement. The City admits the remaining allegations in this paragraph.

45. The City denies Plaintiff was speaking to Billy Williams when he made this

statement. The City admits the remaining allegations in this paragraph.

46. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

47. The City admits the allegations in this paragraph, but denies that the memorandum was attached to the complaint as Exhibit A.

48. The City admits the allegations in this paragraph.

49. The City denies the allegations in this paragraph.

50. The City admits the allegations in this paragraph.

51. The City admits that Plaintiff eventually removed the signs from being stuck into the ground. The City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

52. The City admits the allegations in this paragraph.

53. The City denies that the community center parking lot is a traditional public forum. The City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, but admits that when City employees were present, Plaintiff remained outside the sign marking the 100-foot limit.

54. The City denies the allegations in this paragraph.

55. The City admits the allegations in this paragraph.

56. The City admits the allegations in this paragraph.

57. The City admits the allegations in this paragraph.

58. The City admits the allegations in this paragraph.

59. The City admits the allegations in this paragraph.

60. The City admits the allegations in this paragraph.

61. That City admits the allegations in this paragraph, but is without knowledge or information sufficient to form a belief as to the identity of the owner of the vehicle.

62. The City admits the allegations in this paragraph.

63. The City admits the allegations in this paragraph.

64. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

65. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

66. The City admits the allegations in this paragraph.

67. The City admits the allegations in this paragraph.

68. The City admits Plaintiff told Chief Benjamin he was not leaving the community center. The City is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

69. The City admits the allegations in this paragraph.

70. The City admits the allegations in this paragraph, but denies that this took place at the time and in the sequence Plaintiff alleges.

71. The City admits the allegations in this paragraph.

72. The City admits the allegations in this paragraph.

73. The City admits the allegations in this paragraph.

74. The City admits the allegations in this paragraph.

75. The City admits the allegations in this paragraph.

76. The City admits the allegations in this paragraph.

77. The City admits the allegations in this paragraph.

78. The City admits the allegations in this paragraph.

79. The City denies the allegations in this paragraph.

80. The City admits the allegations in this paragraph.

81. The City denies Officer Tyre handcuffed Plaintiff to a bench in the booking area. The City admits the remaining allegations in this paragraph.

82. The City admits the allegations in this paragraph.

83. The City denies the allegations in this paragraph.

84. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

85. The City is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

86. The City denies the allegations in this paragraph. None of the officials or employees of the City listed in this paragraph are policy makers of the City. Section 2.01a of the City Charter provides that "[a]ll powers of the City and the determination of all matters of policy shall be vested in the City Council." *Gerardi v. City of Watauga*, No. 4:05-CV-183-Y, 2006 WL 1547877, at *4 (N.D. Tex. June 7, 2006).

**B.     Defendant's Prosecution of Plaintiff Chris Howe**

87. The City admits the allegations in this paragraph.

88. The City admits that Section 4.110(1) contained this language at the time of Plaintiff's original complaint. The section was amended on October 25, 2010.

89. The City admits the allegations in this paragraph.

90. The City admits the allegations in this paragraph.

91. The City admits the allegations in this paragraph.

92. The City denies that Mr. Varghese's statements were in furtherance of City policy. Mr. Varghese is not a policy maker for the City. Section 2.01a of the City Charter provides that "[a]ll powers of the City and the determination of all matters of policy shall be vested in the City Council." *Gerardi v. City of Watauga*, No. 4:05-CV-183-Y, 2006 WL 1547877, at *4 (N.D. Tex. June 7, 2006). The City admits the remaining allegations in this paragraph.

93. The City denies that Mr. Varghese's statements were in furtherance of City policy. Mr. Varghese is not a policy maker for the City. Section 2.01a of the City Charter provides that "[a]ll powers of the City and the determination of all matters of policy shall be vested in the City Council." *Gerardi v. City of Watauga*, No. 4:05-CV-183-Y, 2006 WL 1547877, at *4 (N.D. Tex. June 7, 2006). The City admits the remaining allegations in this paragraph.

94. The City admits the allegations in this paragraph.

95. The City admits the allegations in this paragraph, but is without knowledge or information sufficient to form a belief as to why Judge Bass granted the motion to quash on the first count of the complaint.

96. The City admits the allegations in this paragraph.

97. The City admits the allegations in this paragraph, but is without knowledge or information sufficient to form a belief as to why Judge Bass granted the motion to quash on the second count of the complaint.

98. The City admits that the allegations in this paragraph are stated in an editorial written

by Mr. Bud Kennedy and published in the *Fort Worth Star-Telegram* on March 4, 2010. The City is without knowledge or information sufficient to form a belief as to whether Mr. Adams actually made those statements. Mr. Adams is no longer a member of the city council. The City admits Mr. Jerry Adams was on the city council when Section 4.110 was added to the city code by Ordinance No. 1038 on October 23, 2000.

99. The City admits that Section 4.111(b) contained this language on March 2, 2010 and at the time of Plaintiff's original complaint. The subsection was deleted from the ordinance in its entirety on October 25, 2010.

100. The City admits that Section 4.107(4) contained this language on March 2, 2010 and at the time of Plaintiff's original complaint. The subsection was amended to clarify that directional "open house" signs were not allowed on any public property on October 25, 2010.

## V.  CAUSES OF ACTION

**A.  COUNT ONE:  Violation of Fourth Amendment Freedom from Unlawful Seizure (42 U.S.C. 1983)**

101. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

102. The City denies the allegations in this paragraph.

103. The City denies the allegations in this paragraph.

**B.  COUNT TWO: Facial Challenge to Section 4.110(1) of the Watauga City Code. Violation of the First and Fourteenth Amendments of the United States Constitution.**

104. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if

incorporated into this paragraph by reference.

105. The City denies the allegations in this paragraph.

106. The City denies the allegations in this paragraph.

107. The City denies the allegations in this paragraph.

108. The City admits this is a correct statement of the strict scrutiny standard. The City denies that Section 4.110(1) is subject to strict scrutiny.

109. The City denies the allegations in this paragraph and denies that Section 4.110(1) is subject to strict scrutiny.

110. The City denies the allegations in this paragraph and denies that Section 4.110(1) is subject to strict scrutiny.

111. The City denies the allegations in this paragraph.

112. The City denies the allegations in this paragraph.

113. The City denies the allegations in this paragraph.

114. The City denies the allegations in this paragraph.

**C.   COUNT THREE: Facial Challenge to Section 4.106(c) of the Watauga City Code. Violation of the First and Fourteenth Amendments of the United States Constitution.**

115. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

116. The City denies the allegations in this paragraph.

117. The City denies the allegations in this paragraph.

118. The City denies the allegations in this paragraph.

119. The City denies the allegations in this paragraph.

120. The City admits this is a correct statement of the strict scrutiny standard. The City denies that Section 4.106(c) is subject to strict scrutiny.

121. The City denies the allegations in this paragraph and denies that Section 4.106(c) is subject to strict scrutiny.

122. The City denies the allegations in this paragraph and denies that Section 4.106(c) is subject to strict scrutiny.

123. The City denies the allegations in this paragraph.

124. The City denies the allegations in this paragraph.

125. The City denies the allegations in this paragraph.

126. The City denies the allegations in this paragraph.

**D. COUNT FOUR: As Applied Challenge to Section 4.110(1) of the Watauga City Code. Violation of the First and Fourteenth Amendments of the United States Constitution.**

127. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

128. The City denies the allegations in this paragraph.

129. The City admits that, when he was holding a political sign, Plaintiff was standing outside a polling location, in a parking lot shared by a community center and park. The City admits that this parking lot is directly adjacent to a public street, sidewalk and park. The City denies the remaining allegations in this paragraph.

130. The City denies the allegations in this paragraph.

131. The City admits this is a correct statement of the strict scrutiny standard. The City denies that Section 4.110(1) is subject to strict scrutiny.

132. The City denies the allegations in this paragraph and denies that Section 4.110(1) is subject to strict scrutiny.

133. The City denies the allegations in this paragraph and denies that Section 4.110(1) is subject to strict scrutiny.

134. The City denies the allegations in this paragraph.

135. The City denies the allegations in this paragraph.

136. The City denies the allegations in this paragraph.

**E.  COUNT FIVE: As Applied Challenge to Section 4.106(c) of the Watauga City Code. Violation of the First and Fourteenth Amendments of the United States Constitution.**

137. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

138. The City admits that employees or officials of the City have interpreted "placing" in Section 4.106(c) to include "holding" signs. The City denies that these individuals were policy-makers of the City or that their interpretation of this term is binding on the City.

139. The City denies the allegations in this paragraph.

140. The City admits that, when he was holding a political sign, Plaintiff was standing outside a polling location, in a parking lot shared by a community center and park. The City admits that this parking lot is directly adjacent to a public street, sidewalk and park. The City denies the remaining allegations in this paragraph.

141. The City denies the allegations in this paragraph.

142. The City admits this is a correct statement of the strict scrutiny standard. The City denies that Section 4.106(c) is subject to strict scrutiny.

143. The City denies the allegations in this paragraph and denies that Section 4.106(c) is subject to strict scrutiny.

144. The City denies the allegations in this paragraph and denies that Section 4.106(c) is subject to strict scrutiny.

145. The City denies the allegetions in this paragraph.

146. The City denies the allegations in this paragraph.

147. The City denies the allegations in this paragraph.

**F.    COUNT SIX:  Violation of the Fourteenth Amendment Equal Protection Clause (42 U.S.C. § 1982).**

148. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

149. The City denies the allegations in this paragraph.

150. The City denies the allegations in this paragraph.

151. The City admits this is a correct statement of the strict scrutiny standard. The City denies that Sections 4.106(c) or 4.110(1) are subject to strict scrutiny.

152. The City denies the allegetions in this paragraph.

153. The City denies the allegations in this paragraph.

154. The City denies the allegations in this paragraph.

**G.     COUNT SEVEN:   Violation of Texas Constitution–Freedom of Speech (Article I, Section 8)**

155.   The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

156.   The City denies the allegations in this paragraph.

157.   The City denies the allegations in this paragraph.

158.   The City denies the allegations in this paragraph.

**G.     COUNT EIGHT:   Violation of Section 43.031 of the Texas Election Code**

159.   The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

160.   The City denies the allegations in this paragraph.

161.   The City admits the allegations in this paragraph.

162.   The City admits the allegations in this paragraph, but denies that those actions were a violation of the Texas Election Code.

163.   The City denies the allegations in this paragraph.

### VI. DECLARATORY ACTION RELIEF

164.   The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

165.   The City denies Plaintiff is entitled to the relief requested.

## VII. EQUITABLE RELIEF – INJUNCTION

166. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

167. The City denies Plaintiff is entitled to the relief requested.

168. The City denies Plaintiff is entitled to the relief requested.

169. The City denies Plaintiff is entitled to the relief requested.

## VIII. COMPENSATORY DAMAGES

170. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

171. The City denies allegation in this paragraph and deny Plaintiff is entitled to the relief requested.

172. The City denies allegation in this paragraph and deny Plaintiff is entitled to the relief requested.

## IX. COSTS & ATTORNEYS' FEES

173. The City responds to the allegations incorporated into this paragraph in the same manner they are responded to in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

174. The City denies Plaintiff is entitled to the relief requested.

## X. JURY TRIAL

175. The City denies Plaintiff is entitled to a jury trial.

## XI. PRAYER FOR RELIEF

The City denies that Plaintiff is entitled to any of the relief requested in his prayer for relief.

**2.**

## AFFIRMATIVE DEFENSES

2.01. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and affirmatively pleads that it is absolutely immune from suit and liability to Plaintiff under the common law doctrine of sovereign or governmental immunity, as modified or partially waived by the Texas Tort Claims Act, to the extent applicable.

2.02. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and affirmatively pleads that to the extent that any City official or employee whose actions gave rise to this lawsuit is entitled to official immunity under Texas law, the City enjoys derivative immunity.

2.03. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and affirmatively pleads that Plaintiff cannot be entitled to damages as a result of any alleged violation of the Texas Constitution; there is no private cause of action for damages under Texas law arising from actions alleged to violate the Texas Constitution. *E.g., City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995). At most, Plaintiff would be entitled to injunctive relief.

2.04. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the City asserts and affirmatively pleads that Plaintiff is not entitled to relief under Section 43.031 of the Texas Election Code. That section does not create or provide for a private cause of action for damages and does not clearly and unambiguously waive governmental immunity from suit under Texas law. To the extent Plaintiff seeks to compel compliance with Section 43.031 of the Texas Election Code, the City is not a proper party to the proceeding under Texas law. An *ultra vires* suit complaining of a

failure of public officials to comply with Texas statutory provisions is not proper here because it is within the City's legislative, discretionary authority to prohibit temporary signs on public property. Section 43.031 does not limit this authority.

**3.**

**ATTORNEY'S FEES**

3.01. The City pleads that it has been required to retain the services of attorneys to represent their interests in this matter and to defend the claims brought against them. Plaintiff has invoked the attorney's fees provisions of the Civil Rights Act. An award of attorney's fees and costs pursuant to the Act is not limited to plaintiffs, but may be awarded, at the Court's discretion and in certain situations, to a defendant when they are prevailing parties. 42 U.S.C. § 1988(b). Accordingly, the City seeks to recover, to the extent they are a prevailing party and other factual prerequisites are met, attorney's fees they incur defending itself in this case.

**4.**

**DEFENDANT'S REQUEST FOR RELIEF**

4.01. For the reasons stated, the City requests that this suit be dismissed, that Plaintiff take nothing by his suit, and that the City recover all costs and attorney's fees, together with such other and further relief to which it may be justly entitled.

Respectfully submitted,


/s/ Fredrick "Fritz" Quast
Carvan E. Adkins
Texas Bar No. 00910990
cadkins@toase.com

Wayne K. Olson
Texas Bar No. 15276900
wolson@toase.com

Fredrick "Fritz" Quast
Texas Bar No. 24032974
fquast@toase.com

Taylor, Olson, Adkins, Sralla &
    Elam, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas  76107
Phone:		817/332-2580
Facsimile:	817/332-4740

**ATTORNEYS FOR DEFENDANT,
CITY OF WATAUGA**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2010, I electronically filed the foregoing document with the clerk of the court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Thomas S. Brandon, Jr.
Whitaker, Chalk, Swindle & Sawyer, L.L.P.
301 Commerce St., Suite 3500
Fort Worth, TX 76102-4186

Jeffrey C. Mateer
Hiram Sasser, III
Erin E. Leu
Liberty Institute
2001 Plano Pkwy, Suite 1600
Plano, TX 75075

/s/ Fredrick "Fritz" Quast
Fredrick "Fritz" Quast